**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **BERNARDO AREVALO-FLORES,** | **Case No. 26–cv–09381–ESK** |
| **Petitioner,** | |
| v. | **OPINION AND ORDER** |
| **LUIS SOTO, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Bernardo Arevalo-Flores's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

1.   Petitioner is a citizen of El Salvador.   (*Id.* p. 1.)   Immigration and Customs Enforcement (ICE) encountered petitioner on November 17, 2009 near Rio Grande City, Texas.   (ECF No. 5–1 pp. 1, 2.)   Petitioner was removed from the United States on December 3, 2009.   (*Id.* p. 3.)

2.   Petitioner reentered the United States at an unknown place and time.   (*Id.*)

3.   Petitioner was detained by ICE on July 24, 2026 in Newark, New Jersey.   (*Id.* p. 2.)   The removal order was reinstated that same day.   (*Id.* p. 6.)

4.   This Petition followed on July 25, 2026.   (ECF No. 1.)

5.   Respondents filed an answer on July 27, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because he is subject to a reinstated order of removal and is within the 90-day mandatory detention period.   (ECF No. 5 p. 2.)

6.   Petitioner asserts that the removal period has expired and that "[r]espondents have offered no individualized or removal-related basis for confinement under that post-period framework."   (ECF No. 6 p. 7.)

7.   Petitioner was removed pursuant to a valid order of removal in 2009. ( ECF No. 5–1 p. 3.)   Petitioner reentered the country, and his prior order of removal was reinstated on July 24, 2026.   (*Id.* p. 3.)   Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney General finds that [a noncitizen] has reentered the

United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible and may not apply for any relief under [immigration laws], and the [noncitizen] shall be removed under the prior order at any time after the reentry."

8.    Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  This 90-day detention is mandatory.  *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled.  After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

9.    "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."   8 U.S.C. § 1231(a)(1)(B).

10.    "In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated."  *Teodore De La T.M., v. Warden of the Golden State Annex, et al.*, No. 1:26–cv–03789, 2026 WL 2210030, at \*2 (E.D. Cal. July 31, 2026) (cleaned up); *see also Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 513 (3d Cir. 2024) (noting the removal order "was 'administratively final' at reinstatement"), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259, 267–73 (2025)); *Rene Orlando De La Rosa Izaguirre, v. Blanche*, No. 26–cv–02911, 2026 WL 2023200, at \*12 (E.D.N.Y. July 13, 2026) ("The removal period began only when the removal order was reinstated.")

11.    Petitioner was detained by ICE on July 24, 2026, putting him well within the 90-day removal period.   His detention is currently mandatory.

Accordingly,

**IT IS** on this   **6th** day of **August 2026**   **ORDERED** that:

1.    Petitioner's   § 2241   Petition   is   **DENIED   WITHOUT PREJUDICE**.

2

2.  Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

3.  The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**